UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPHINE FLYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-584-FHM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff, Josephine Flynn, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's July 11, 2007 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 4, 2009. By decision dated April 1, 2009, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on July 22, 2009. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003).  The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 51 years old when she filed for benefits. [R. 111, 114].  She claimed she has been unable to work since January 19, 2007, due to pain in the back, hips and feet and depression. [R. 132, 153, 156, 178, 184, 189, 191].  In an April 1, 2009 Decision, ALJ Deborah L. Rose determined that Plaintiff has severe impairments consisting of status post tumor removal and degenerative disk disease [R. 13], but that she retains the residual functional capacity (RFC) to perform sedentary work activity with occasional stooping. [R. 15].  The ALJ found that, with this RFC, Plaintiff could return to her past relevant work as a customer service representative. [R. 18].  She concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 18-19].  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the following errors: 1) that the ALJ failed to properly consider Dr. Brown's opinion; 2) that the ALJ failed to properly consider Plaintiff's credibility; and 3) that the ALJ's RFC assessment is not supported by substantial evidence. [Dkt. 16, p. 4].  For the reasons discussed below, the Court reverses the decision of the ALJ and remands the case to the Commissioner for reconsideration.

### **Dr. Brown's Opinion**

At issue in this case is a form on Sand Springs Medical Associates' letterhead signed by Jack Brown, M.D., on July 25, 2007. The form consists of typewritten categories and handwritten notations as follows:

This patient's ability to do work related activities are outlined below:

Sitting -         *yes*
Standing -     *yes*
Walking -      *Short distances*
Lifting -          *less than 15 lbs for short periods*
Carrying light objects - *yes*
Handling objects -   *yes*
Hearing -      *yes*
Speaking -    *yes*
Traveling -    *not long car rides*
Understanding/Memory - *yes*
Concentration/Persistence - *no*
Social interaction - *no*
Adaptation - *no*

[R. 194].

Plaintiff asserts that Dr. Brown limited her to sedentary work and that: "he indicated that the plaintiff does not have the ability to concentrate, interact socially, or adapt." [Dkt. 16, p. 4]. Plaintiff contends the ALJ adopted Dr. Brown's opinion regarding her physical limitations but did not accept Dr. Brown's findings regarding her mental abilities and did not offer an explanation for doing so. This omission, Plaintiff claims, is grounds for reversal of the ALJ's decision. [Dkt. 16]. The Court agrees.

In her written decision, the ALJ found at step two that Plaintiff's medically determinable mental impairment of depression "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore

nonsevere." [R. 14].  The ALJ stated in her PRT findings,[2] that Plaintiff has no limitation in activities of daily living or in social functioning. *Id.*  Regarding the third functional area regarding concentration, persistence or pace, the ALJ also found no limitation but added: "However, the claimant testified that pain affected her ability to concentrate." *Id.* The ALJ found Plaintiff has experienced no episodes of decompensation which have been of extended duration. *Id.*

After disclosing her step three findings, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)[3] "except she is able to lift and/or carry up to 15 pounds; stand and/or walk (with normal breaks) for a total of about 2 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; and occasionally stoop." [R. 15].

The ALJ recounted Plaintiff's testimony, including Plaintiff's claim that after she lost her insurance she could no longer get pain medications, that she started having insomnia due to pain and that she could not concentrate. [R. 16].  The ALJ said: "The

---

[2] Under the regulations, when evaluating mental impairments, the agency must follow a "special technique." 20 C.F.R. §§ 404.1520a(a), 416.920a(a). The agency is required to rate the degree of a claimant's functional limitations caused by those impairments in the areas of "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ then applies those ratings in determining whether the claimant's mental impairments are severe at step two and, if so, whether these severe impairments "meet[ ] or [are] equivalent in severity to a listed mental disorder" at step three. Id. §§ 404.1520a(d)(1-2), 416.920a(d)(1-2). At the ALJ hearing level, "[t]he decision must include a specific finding as to the degree of limitation in each of [those] functional areas." Id. §§ 404.1520a(e)(2), 416.920a(e)(2).

[3] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

claimant's testimony of such severe pain and functional loss are not supported by the findings in the medical evidence." [R. 18-19].

During her summary of the medical evidence, the ALJ acknowledged Dr. Brown's treatment history with Plaintiff and Dr. Dalessandro's consultative examination report. [R. 17-18]. She also reviewed Plaintiff's medical records from OU Physicians and the Tulsa Spine & Specialty Hospital. [R. 18].

The ALJ then said:

> As for the opinion evidence, the State agency medical consultant's opinion is given great weight as well as the opinion of treating physician, Dr. Brown, at Exhibit 1F.[4] These opinions are consistent, well supported, and uncontradicated (sic) by any substantial evidence. The consultative examination report at Exhibit 2F[5] supports the State agency medical consultant's opinion and Dr. Brown's opinion.
>
> In sum, the above [RFC] assessment is supported by Dr. Brown's opinion at Exhibit 1F, and the fact that while the claimant alleges she is disabled and unable to work, she cares for 2 great granddaughters every day.

[R. 18].

The ALJ did not explain how she weighed Dr. Brown's "no" answers regarding Plaintiff's ability to perform work related activities involving concentration/persistence, social interaction and adaptation. She did not offer an explanation for granting "great weight" to a portion of Dr. Brown's opinion while ignoring other portions of the opinion. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir.2004) (per curiam) ("The ALJ

---

[4] Exhibit 1F is identified as:"Medical Records covering the period, dated 07/11/2006 to 07/25/2007, from JACK H. BROWN, M.D" [Dkt. 14-1, p. 2].

[5] Exhibit 2F is identified as: "Consultative Examination Report, dated 08/08/2007, from ANGELO A DALLESSANDRO DO(TULSA)" [Dkt. 14-1, p.2].

is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."). Nor did the ALJ address the medical evidence from Plaintiff's treating physicians at the OU Physicians center who recorded Plaintiff's complaints of difficulty concentrating due to pain, depression and insomnia. [R. 234-241]. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir.1996) (In addition to discussing the evidence supporting his/her decision, the ALJ also must discuss the uncontroverted evidence (s)he chooses not to rely upon, as well as significantly probative evidence (s)he rejects.).

The ALJ found the agency consultant's opinion was consistent, well supported and uncontradicted by any substantial evidence. [R. 18]. The consultative examination report that was cited by the ALJ as evidence consistent with her RFC assessment is that of Thurma Fiegel, M.D., who performed a case analysis for the agency on August 16, 2001. [R. 224-231]. Dr. Fiegel stated that Dr. Brown's opinion was entitled to controlling weight. [R. 225]. However, Dr. Fiegel did not include Dr. Brown's conclusions regarding concentration/persistence, social interaction and adaptation into her RFC assessment and did not offer an explanation for omitting those findings. Because neither the ALJ nor Dr. Fiegel explained their reasons for disregarding some of Dr. Brown's findings while adopting others, the Court cannot conclude that the record supports the ALJ's determination. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (Where an ALJ implicitly accepts a physician's opinion in formulating the RFC but rejects some of the limitations contained in that opinion, the ALJ may have a duty to give reasons for the specific limitations that were rejected.).

The Court notes the presence in the record of a PRT form dated August 15, 2007, completed by Ron Smallwood, Ph.D., an agency psychologist. [R. 209-222]. Dr. Smallwood's "B" Criteria findings correspond with the ALJ's step two enumerations and were affirmed by another reviewing consultant, Janice B. Smith, Ph.D., on November 14, 2007. [R. 219, 232]. However, the ALJ did not mention this evidence. Nor did she refer to it as evidence that supports her conclusions or that conflicts with Dr. Brown's opinion.

In short, the ALJ omitted a portion of the treating physician's opinion from her RFC assessment after granting the opinion "great weight" without offering an explanation for doing so. Because the ALJ's written decision is legally deficient in this respect, her subsequent findings regarding Plaintiff's ability to perform her past relevant work are likely undermined and should be revisited upon remand.

## **Conclusion**

The ALJ failed to demonstrate that she properly considered all the relevant medical evidence and the Court cannot assess whether her determination that Plaintiff is not disabled is supported by substantial evidence. Therefore, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED for reconsideration.

Dated this 20th day of September, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE